GUST GOTTFRED

*v.*

GILBERT WOODRUFF.

*Opinion filed December 18, 1901.*

APPEALS AND ERRORS—*amount claimed must appear in pleadings to authorize appeal under section 8.* In the absence of a certificate of importance, it is necessary, in order to authorize an appeal under section 8 of the Appellate Court act, where there has been no trial of an issue of fact, that it appear from the pleadings that the amount claimed exceeds $1000.

*Gottfred* v. *Woodruff*, 96 Ill. App. 295, appeal dismissed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. JOHN C. GARVER, Judge, presiding.

This is a bill for an accounting, filed in the circuit court of Winnebago county by the appellant against the appellee, and a demurrer having been sustained thereto, and a decree entered dismissing the same for want of equity, which has been affirmed by the Appellate Court for the Second District, a further appeal has been prosecuted to this court.

The bill avers that the appellant borrowed of the Rockford National Bank $700; that to secure the payment thereof, on September 29, 1893, he executed to the appellee a deed conveying to him lot 20, in block 12, in Gottfred's subdivision to the city of Rockford; that at the time of the conveyance one John Oleson was the equitable owner of the lot under an agreement for a deed made with the appellant; that Oleson improved the premises with a dwelling house which cost $1200; that he failed to pay for the material used in the construction thereof or to pay the purchase price of the lot; that the material was purchased from the Woodruff & Maguire Company; that the Woodruff & Maguire Company filed a bill in the circuit court of said county to establish a lien upon the house and lot; that during the pendency of said cause appellant requested appellee to file a motion in said cause asking to be made a party defendant therein for the purpose of enforcing the rights of appellant in the subject matter of said cause, and that in pursuance thereof appellee obtained leave of the court to answer; that a decree was entered which provided, in substance, that the premises be sold and the proceeds of the sale distributed, as follows: First, to the payment of costs; second, to the payment to appellee of the amount found therein to be his due as the purchase money of said lot under the agreement between appellant and Oleson; third, the balance, if any, to be paid to the Woodruff & Maguire Company; that a sale of the premises was made under said decree on March 20, 1897, to William F. Woodruff, a son of appellee, for the sum of $400; that William F. Woodruff did not pay the amount of his bid, but only paid the costs, and delivered to the master in chancery, in payment of the balance of the bid, the receipt of appellee, which stated that he had received his pay in full under the decree; that the master did not receive or pay to appellee any money; that on July 7, 1898, appellee removed the dwelling house from the lot and has exchanged

the lot for other property; that appellant has demanded of appellee that he make payment to the Rockford National Bank of the present value of said dwelling house, which appellant avers is the sum of $1000, together with the proceeds of the sale of lot 20, but that appellee has refused so to do, and prays for an accounting, etc.

B. A. KNIGHT, for appellant.

R. K. WELSH, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellee has made a motion to dismiss the appeal on the ground of want of jurisdiction, in this: that the amount claimed in the pleadings is not sufficient to give this court jurisdiction, and that the Appellate Court, from which the appeal is taken, has made no certificate of importance,—which motion was reserved.

Section 8 of the Appellate Court act, (Hurd's Stat. 1899, p. 525,) as amended in 1887, (Laws of 1887, p. 156,) provides: "That in all actions where there was no trial on an issue of fact in the lower court, appeals and writs of error shall lie from the Appellate Courts to the Supreme Court where the amount claimed in the pleadings exceed one thousand dollars ($1000)." This case having gone off on demurrer, we must look to the pleadings,—i. e., the bill,—to ascertain the amount claimed.

The bill avers that the house and lot are of a value to exceed $1000, but that they brought only $400 at the master's sale. Neither the total value of the house and lot nor the amount which they brought at the master's sale is the amount claimed. In equity, the vendor who has given a contract for the sale of real estate, but who has not executed a deed to the purchaser, holds the legal title as a security for the payment of the purchase money, and the transaction will be considered in the nature of a conveyance to the purchaser, and a re-conveyance, by way of mortgage, to the vendor. The interest of the

vendor in the premises sold is the amount of the unpaid purchase money. (*Lewis* v. *Shearer,* 189 Ill. 184.) In no event, therefore, would the appellant be entitled to have the appellee account to him or to the Rockford National Bank for an amount greater than the amount remaining unpaid upon said lot, as purchase money. The bill does not aver how much of the purchase money remained unpaid. From the pleadings we are therefore unable to determine the amount claimed by appellant, and as the pleadings do not show, as they must where there was no trial on an issue of fact in the lower court, that the amount claimed exceeds $1000, this court is without jurisdiction to entertain this appeal.

The appeal will therefore be dismissed.

*Appeal dismissed.*