### Lewis Fogle v. John Beck.

1. EQUITY—*Where the Vendor of Real Estate Has Executed Bond to Make Title When the Purchase Money Shall be Paid.*—Where the vendor of real estate has executed bond to make title when the purchase money shall be paid, a court of equity will consider the transaction in the nature of a conveyance to the purchaser and a reconveyance back by way of mortgage.

2. LIENS—*Position of Assignee on Notes Given for Purchase Money of Land Which the Vendor Has Given Bond to Convey.*—Where the vendor of real estate has executed bond to make title when the purchase money shall be paid, the assignee of notes given for the purchase money, like the assignee of a note secured by a mortgage, is entitled to the benefit of the security, and may enforce it as he would enforce the lien of an ordinary mortgage.

**Bill for a Lien.**—Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

F. M. GUINN, attorney for appellant.

CHAFEE & CHEW, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court. On November 13, 1897, Leander Fogle sold lot 5, in

block 11, in the village of Herrick, Shelby county, Illinois, to one Cass Sarver for $325, receiving therefor $105 in cash and five promissory notes, aggregating $220. He delivered to Sarver his bond for a deed, conditioned on his paying the notes.

On February 18, 1898, Sarver assigned the bond to John Beck, who went into possession of the lot and promised to pay the notes. On August 17, 1899, Fogle conveyed the lot to one Tony Fraily, subject to the bond for deed, and she accepted the conveyance, agreeing to make a deed in accordance with the terms of the bond on the payment of the said notes.

On July 25, 1900, Leander Fogle executed a quit-claim deed to the lot, together with other property, to Frank Fogle, who conveyed the lot by quit-claim to Lewis Fogle, and four of the notes, which were at the time unpaid, were assigned to Lewis Fogle.

Lewis Fogle brought suit in equity against Beck and Sarver in the Circuit Court of Shelby County, and by his amended bill, prayed for a lien to be declared in his favor for the amount due on the unpaid notes, for a sale of the lot to satisfy his debt and lien, and that the deed from Leander Fogle to Tony Fraily, and one purporting to have been made by Fraily to Beck on October 3, 1900, be canceled.

The Circuit Court upon the hearing found that the deed to Tony Fraily was made without consideration and was made at a time when Leander Fogle had not the mental capacity to make a valid deed and was therefore void; that Tony Fraily subsequently re-conveyed the lot to Fogle and that the deed was afterward fraudulently changed by erasing the name of Leander Fogle as grantee, and inserting the name of John Beck, and that Beck obtained no rights thereby. The court further found that when Beck took an assignment of the bond from Sarver, he promised to pay the notes; that complainant had an equitable lien upon the lot for the unpaid purchase money represented by the notes. The court decreed a sale of the property on the

failure of Sarver and Beck to pay the amount found to be due within thirty days.

In seeking a reversal of the decree, counsel for appellant vigorously argues that the court erred in finding that Leander Fogle, at the time he conveyed to Tony Fraily, was not in a mental condition to execute a deed, and erred in finding that the deed from Fraily to Beck was a forgery. While we are not inclined to hold that the court erred in reaching the findings thus criticised, we do not attach the importance to them that counsel for appellant does. It clearly appears from the evidence that when Beck bought the bond for a deed from Sarver and went into possession of the lot, he promised to pay the notes. He recognized his liability to pay them after the conveyance to Tony Fraily, because he told Frank Fogle that if he were to buy from Fraily, he would feel as much under obligation to pay the notes as he ever did. He knew, too, that the conveyance to Fraily was subject to the bond, and that the deed from her would give him title subject to the same frailties that attached to it before the conveyance. So we see, that if the deed to him was not a forgery, he could not defeat the enforcement of the lien which Leander Fogle and his assignee held.

We entertain no doubt of the right of appellee to enforce the lien, independent of whether he was in possession of the lot at the time of bringing suit. The notes given by Sarver and the contract contained in the bond must be considered as one instrument, and may be regarded in the nature of a mortgage which may be sold and assigned and enforced in the name of the assignee. Where the vendor of real estate has executed bond to make title when the purchase money shall be paid, a court of equity will consider the transaction in the nature of a conveyance to the purchaser and a re-conveyance back by way of mortgage. The assignee of notes given for the purchase money, like the assignee of a note secured by a mortgage, is entitled to the benefit of the security, and may enforce it as he would enforce the lien of an ordinary mortgage. Wright v.

Troutman, 81 Ill. 378; Hutchinson v. Crane, 100 Ill. 270; Gordon v. Johnson, 186 Ill. 18; Lewis v. Shearer, 189 Ill. 184.

The decree of the Circuit Court is right and will be affirmed.