WILLIAM T. CLARK, ADMINISTRATOR, ET AL V. JOHN N. GAUNTT.

No. 7858. Decided April 8, 1942.
(161 S. W., 2d Series, 270.)

*Harold Clark* and *Fitzpatrick & Dunnam,* of Waco, for plaintiffs in error.

*John B. McNamara,* of Waco, for defendant in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The material question for decision is whether the lien created by a deed of trust executed by Doris Nellie Bailey when she owned only an undivided one-half interest in the two lots or tracts of land described in the deed of trust extends to the other one-half interest in the said lots that she afterwards acquired by inheritance from her father.

The lots were the community property of W. M. Bailey and wife. On the death of the wife, Doris Nellie Bailey, their only child, became by inheritance the owner of an undivided one-half interest in the property, the other undivided one-half interest belonging to her father. Doris Nellie Bailey, after the death of her mother and while her father was alive, executed the note herein sued on in the principal sum of $500.00, payable to defendant in error John N. Gauntt, and also executed a deed of trust by which to secure the note she granted and conveyed to the trustee "the following described property towit: All my right, title and interest in and to Lots Nos. Three and Seven in Block No. 139, etc." The deed of trust contains a general warranty of title by which the grantor or mortgagor binds herself, her heirs, executors and administrators "to warrant and forever defend the title to the said property conveyed herein to the purchaser at any sale under this trust, his heirs and assigns, etc."

While this suit, filed by defendant in error John N. Gauntt against Doris Nellie Bailey (who had become Doris Nellie

Bailey Smith) and her husband, Cecil Smith, for recovery on the note and foreclosure of the lien, was pending in district court W. M. Bailey died intestate leaving his daughter, Mrs. Smith, as his sole heir, and on his death his undivided half interest in the lots vested in her so that she became the owner of the entire interest and estate therein. Mrs. Smith died before the case was tried and it proceeded against her husband, Cecil Smith, and Wm. T. Clark as administrator of her estate and that of her father. The trial court's judgment for the principal, interest and attorney's fees due on the note, with foreclosure of the lien on the entire interest in the lots, which judgment was certified to the probate court, was affirmed by the Court of Civil Appeals. 149 S. W. (2d) 193.

■ In our opinion, the Court of Civil Appeals erred in holding that, under the after-acquired title rule, the interest that the father of Doris Nellie Bailey owned in the lots when she executed the deed of trust passed, by reason of that instrument and her subsequent acquisition of that interest, to the trustee named in the deed of trust. The rule as to after-acquired title does apply to mortgages as well as deeds. Logue v. Atkeson, 35 Texas Civ. App. 303, 80 S. W. 137; Dearing v. Jordan, 62 Texas Civ. App. 303, 130 S. W. 876; Galloway v. Moeser, 82 S. W. (2d) 1067; Land Title Bank & Trust Co. v. Witherspoon, 126 S. W. (2d) 71; Note 58 A. L. R., pp. 345, 354-358; 41 Corpus Juris, p. 478, Sec. 395. But it does not apply to the deed of trust executed by Doris Nellie Bailey, because by it she did not convey the lots or the entire interest in them but she granted and conveyed only the right, title and interest that she then owned and she warranted the title only to the property that she conveyed.

■ The after-acquired title rule is a part of the law of estoppel. One of the clearest statements of it is that made in American Jurisprudence as follows:

"It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lessor definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or the estate which the deed purports to convey, as against the grantee and those claiming under him." 19 Amer. Jur., p. 614, sec. 16.

The deed of trust executed by Doris Nellie Bailey purports to convey the interest that she owned at the time it was exe-

cuted and not any greater interest or estate. As to the warranty, the general rule is that the covenant of general warranty extends only to what is granted or purported to be granted. Bumpass v. Anderson, 51 S. W. 1103; Duhig v. Peavy-Moore Lumber Co., 135 Texas 503, 506, 144 S. W. (2d) 878; Hanrick v. Patrick, 119 U. S. 156, 30 Law Ed. 396, 406; 14 Amer. Jur., p. 524, sec. 54. In the deed of trust the granting clause conveys "the following described property towit: All my right, title and interest in and to lots Nos. Three and Seven, etc." The warranty is that the grantor will warrant and forever defend "the title to said property conveyed herein" clearly having reference to the property described in the granting clause as the grantor's right, title and interest in the lots. Under the above-quoted rule, Doris Nellie Bailey was not estopped by the deed of trust from asserting ownership of the interest that she thereafter acquired from her father, because the deed of trust did not support to convey that interest and the warranty in the deed of trust did not relate to it.

■ The terms of the instrument under consideration bring it exactly within the following statement from Devlin, which is well supported by the authorities last above cited:

"Where a deed, instead of conveying the land generally, purports to convey only the right, title, claim and interest of the grantor of the land, a general covenant of warranty contained in the deed is confined in its legal effect to such title, and the assertion or enforcement of a paramount title outstanding against the grantor at the time of the execution of the deed cannot operate as a breach of the covenant." Devlin on Real Estate (3rd Ed.) vol. 1, p. 43, sec. 27.

The estoppel in the after-acquired title cases arises from the assertion of ownership made by the grantor in the covenant of warranty, express or implied, or in other recitals in the deed. Such assertion is a representation that the grantor owns the land or the estate or interest to which it relates, and having thus represented the fact of ownership, the grantor is estopped to deny that fact. Lindsay v. Freeman, 83 Texas 259, 264-265, 18 S. W. 727; U. S. Nat'l Bank v. Miller, 122 Ore. 285, 258 Pac. 205, 58 A. L. R. 339. But in this deed of trust there is no representation, by warranty or otherwise, as to what right, title or interest the grantor had in the land, and no recital as to the quantum of the interest intended to be conveyed. She conveyed and warranted whatever interest she had. "Consequently, the subsequent acquisition of an interest in the

land is not inconsistent with the deed." 14 Tex. Jur., p. 905, Sec. 126.

Our conclusion that the deed of trust did not operate as an estoppel to pass the after-acquired interest is supported also by the following authorities: Wilson v. Wilson, 118 S. W. (2d) 403; Breen v. Moorehead, 126 S. W. 650, 655-656, (affirmed on other points, 104 Texas 254, 136 S. W. 1047, Ann. Cas. 1914A, 1285); Hanrick v. Patrick, 119 U. S. 156, 30 L. Ed. 396, 406, 7 Sup. Ct. 147; Stoepler v. Selberberg, 220 Mo. 258, 119 S. W. 418, 420-421.

■ Defendant in error makes the contention that if it is conceded that the after-acquired title doctrine has no application to the case, the language used in the granting clause of the deed of trust, "all my right, title and interest," was broad enough to include and did include both the interest that the grantor then owned by inheritance from her mother and also the interest that she expected to inherit from her father. The contention cannot be sustained, because when Doris Nellie Bailey executed the deed of trust her father was still alive and as his expectant heir she had no existing interest, right or title in his interest in the property. She had only an expectancy of inheritance, which, although it is carelessly referred to in some of the decisions as a right, is nothing more than a hope or a possibility of title. One cannot maintain a suit for the enforcement or adjudication of a right in property that he expects to inherit, because he has no present right or interest in the property. Glenn v. Holt, 229 S. W. 684; Dodson v. Kuykendall, 127 S. W. (2d) 348; Parrish v. Parrish, 280 S. W. 901; Munger v. Richards, 87 S. W. (2d) 797 (application for writ of error refused); People v. Emery, 314 Ill. 120, 145 N. E. 349; Doctor v. Hughes, 225 N. Y. 305, 122 N. E. 221.

■ In this state and in many other states contracts in the form of deeds or assignments, or in other form, for the sale or transfer of the expectancy of a prospective heir, while not recognized and not enforceable at common law, are enforced in equity after the death of the ancestor, provided they are free from fraud. Hale v. Hollon, 90 Texas 427, 39 S. W. 287, 36 L. R. A. 75; 59 Am. St. Rep. 819; Barre v. Gaggett, 105 Texas 572, 153 S. W. 120; 6 C. J. S., p. 1057-1059, Sec. 14; 4 Am. Jur. pp. 266-271, Secs. 47-51. Such contracts, however, are not favored, and an instrument is not given effect as an assignment of an expectancy or future interest unless it clearly

manifests the intention of the prospective heir to sell, assign or convey his expectancy or future interest. 5 Tex. Jur. p. 16, Sec. 13; 6 C. J. S. p. 1059, Sec. 14; 4 Am. Jur. p. 277, Sec. 61.

In Hale v. Hollon and Barre v. Daggett, above cited, and in other Texas cases that have enforced deeds or other contracts assigning an expectancy of inheritance, the intention of the grantor or assignor to sell, convey or assign the interest expected to be acquired in the future is plainly evidence by the language of the instrument. But the deed of trust executed by Doris Nellie Bailey makes no reference to an expectancy of inheritance and contains no words from which it can reasonably be inferred that she intended to create a lien upon an interest that she might thereafter acquire. It speaks only of her right, title and interest in the property, meaning her present interest. The full force and effect of a deed conveying all of the grantor's right, title and interest in a tract or tracts of land is to sell and convey to the grantee only the interest that the grantor had in the premises when the deed was made. United States National Bank v. Miller, 122 Ore. 285, 258 Pac. 205, 58 A. L. R. 339.

Other questions presented by the application for writ of error are not discussed, because in our opinion the Court of Civil Appeals correctly decided them.

The judgment of the Court of Civil Appeals is reversed. The judgment of the district court is reformed so as to provide that the lien of the deed of trust to secure the note sued upon extends only to an undivided one-half interest in the lots described in the judgment, being the undivided one-half interest that Doris Nellie Bailey inherited from her mother, and to provide for the foreclosure of the lien upon that undivided one-half interest; and as thus reformed the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court April 8, 1942.