**ROBERTS et al. v. CORBETT et al.**

No. 12653.

Court of Civil Appeals of Texas.

Galveston.

Feb. 4, 1954.

Motion for Rehearing Refused Feb. 25, 1954.

Davis & Henderson and John C. Henderson, Angleton, for appellants.

Rucks, Enlow & Kee, Floyd Enlow and Leland B. Kee, Angleton, and Burris, Benton, Baker & Zwiener, and Eugene Catlett, Houston, for appellees.

HAMBLEN, Jr., Chief Justice.

This suit in trespass-to-try title was instituted by appellants in the District Court of Brazoria County to recover title and possession of certain minerals under 100 acres of land. Trial was to a jury, to whom the cause was submitted on special issues. After receipt of a verdict, appellees, who were defendants below, moved for judgment thereon. This motion was overruled. Appellants then moved the court to disregard one of the findings made by the jury, which motion was granted. Appellees thereupon moved for judgment non obstante veredicto, which motion was granted and judgment was entered that appellants take nothing. The asserted error of the court in so rendering judgment forms the basis of this appeal, which is presented by appellants in one point of error. Appellees, after replying to appellants' argument, present four cross-assignments of error, directed to the court's refusal to enter judgment upon the verdict of the jury and to certain asserted substantive and procedural errors, which, if sustained, would require an affirmance of the trial court's judgment. Since this Court takes the view that appellants' one point of error is without merit, which requires an affirmance of the judgment of the trial court, no necessity exists for, and no purpose would be served by any discussion of appellees' cross-assignments. Before the trial court there were named certain corporate

defendants. Since it is agreed by all parties that the rights of such defendants are determinable from and directly dependent upon, the rights of the litigants before this Court, an affirmance of the trial court's judgment disposes of all issues and parties.

The facts, insofar as necessary to our discussion, are simple. On September 18, 1907, W. C. Corbett, Sr., was vested with fee simple title to the land and minerals in controversy. On that date he conveyed all of the minerals under the land, save and except a ⅟₁₆ royalty, to his mother, Z. J. Greene. On November 9, 1907, W. C. Corbett, Sr., for a valuable consideration, conveyed the property involved to T. J. Poole without mention or exeption of the minerals previously conveyed to his mother, Z. J. Greene. On October 5, 1917, Z. J. Greene died intestate, leaving W. C. Corbett, Sr., as her sole heir with no administration necessary. Appellants thereafter acquired the title of T. J. Poole and appellees acquired the title of W. C. Corbett, Sr.,

It is the contention of appellants that the deed from W. C. Corbett, Sr., to T. J. Poole effectively vested in the grantee not only such interest as was owned by the grantor on the date of its execution but also such interest as was thereafter acquired by inheritance. Appellees, on the contrary, contend that the deed evidences an intention to convey only such interest as the grantor then owned in the described property and that therefore they are not estopped to assert title to the after-acquired interest. Since our determination of this appeal depends solely upon the construction of that instrument, a copy thereof, omitting a field note description, acknowledgment and other portions immaterial to our discussion, is, for the purpose of clarity, attached as Exhibit A to this opinion.

After the entry of judgment, the trial court, upon the request of appellants, made certain conclusions of law, including therein the conclusion that the deed from Corbett to Poole was a quit-claim deed and therefore insufficient to pass an after-acquired title. Upon the apparent assumption that the trial court's judgment must

be sustained, if at all, upon the correctness of that conclusion, appellants have addressed a substantial portion of their argument to the proposition that the deed is not a quitclaim but is a conveyance. With this portion of appellants' argument, this Court is in agreement. The deed is a conveyance. The granting clause, the habendum clause, the warranty clause, the fact that a vendor's lien is reserved—these and many other indicia—characterize it indelibly as a conveyance, but it does not follow a fortiori, as appellants contend, that if it is a conveyance and not a quitclaim it would pass the after-acquired title as a matter of law. The precise question here is not whether Corbett quitclaimed to Poole rather than conveying to Poole. The question for determination is the estate which Corbett conveyed. If, by his deed, Corbett may properly be said to have conveyed an indefeasible, absolute estate in the described property, then he and those holding under him would be estopped to assert title to an interest thereafter acquired by Corbett. If, on the other hand, it appears that the grantor intended to convey no greater estate than he was possessed of, the doctrine of estoppel has been considered not to apply. The trial court, upon appellees' request, amended his original conclusions by declaring that the deed was a conveyance but that it conveyed only the interest which Corbett owned at the time it was executed and would not, therefore, support an estoppel against Corbett and those holding under him to claim an interest thereafter acquired by Corbett. This, we believe, is the correct construction of the instrument in question.

In reaching the conclusion which we have expressed, this Court's labors have been greatly diminished by the decision of the Commission of Appeals of Texas in the case of Clark v. Gauntt, 138 Tex. 558, 161 S.W.2d 270, 271. In an opinion by Judge Smedley, which was expressly adopted by the Supreme Court, the Commission of Appeals construed an instrument differing in no material respect from that here involved except that it was a deed of trust rather than a deed. But since the Court

expressly held that the rule as to after-acquired title is the same when applied to mortgages as to deeds, we feel that the reasoning employed in that opinion is decisive of the issue in this case.

In that case the property involved was the community property of W. M. Bailey and his wife. On the death of the wife, their only child, Doris Nellie Bailey, became by inheritance the owner of an undivided one-half interest in the property. Doris Nellie Bailey, after the death of her mother and while her father was alive, executed a deed of trust to secure a note, by which she conveyed to the trustee "the following described property towit: All my right, title and interest in and to lots Nos. Three and Seven in Block No. 139, etc." The deed of trust contained a warranty whereby the grantor binds herself, her heirs, executors and administrators "'to warrant and forever defend the title to the said property conveyed herein to the purchaser at any sale under this trust, his heirs and assigns, etc.'" Thereafter Doris Nellie Bailey's father died, leaving her as his sole heir, so that his one-half undivided interest in the property vested in her. Suit was brought by the holder of the note, and the court, in foreclosing the deed of trust lien, foreclosed the same as to the entire interest in the described property, which judgment was affirmed by the Court of Civil Appeals, Clarke v. Gauntt, 149 S.W.2d 193. In reversing the Court of Civil Appeals, the Commission of Appeals, through Judge Smedley, stated [138 Tex. 558, 161 S.W. 2d 271], "In our opinion, the Court of Civil Appeals erred in holding that, under the after-acquired title rule, the interest that the father of Doris Nellie Bailey owned in the lots when she executed the deed of trust passed, by reason of that instrument and her subsequent acquisition of that interest, to the trustee named in the deed of trust. The rule as to after-acquired title does apply to mortgages as well as deeds. Logue v. Atkeson, 35 Tex.Civ.App. 303, 80 S.W. 137; Dearing v. Jordan, 62 Tex. Civ.App. 107, 130 S.W. 876; Galloway v. Moeser, Tex.Civ.App., 82 S.W.2d 1067; Land Title Bank & Trust Co. v. Wither-

spoon, Tex.Civ.App., 126 S.W.2d 71; Note 58 A.L.R., pp. 345, 354–358; 41 Corpus Juris, p. 478, Sec. 395. But it does not apply to the deed of trust executed by Doris Nellie Bailey, because by it she did not convey the lots or the entire interest in them but she granted and conveyed only the right, title and interest that she then owned and she warranted the title only to the property that she conveyed."

The opinion of the Commission of Appeals contains an exhaustive discussion of the rule of after-acquired title and we construe the opinion as holding that a conveyance of land which, by its terms, limits the estate granted to the "'right, title and interest'" of the grantor, is not such a conveyance as will estop the grantor from asserting title to an interest thereafter acquired by him. The fact that in Clark v. Gauntt the after-acquired interest had not previously been vested in the grantor, whereas, in the present case such interest had once been vested, conveyed away and reacquired, which is the only factual difference which this Court can discern between the two cases, is not such a difference as will prevent the applicability of the reasoning there employed or the result reached.

Appellants have cited a host of authorities to this Court, all of which have been examined. Many of the cited authorities deal with the problem of ascertaining whether an instrument purporting to convey "all right, title and interest" is a conveyance or a quitclaim. That, as we have said and as is held in Clark v. Gauntt, is not the determining question. Many authorities cited discuss the question of whether a conveyance of "all right, title and interest" is sufficient to constitute the grantee an innocent or bona fide purchaser, which is likewise not the question here to be determined. Out of the host of authorities to which this Court has been referred, appellants have cited no case decided by a court of final appellate jurisdiction wherein a conveyance of the "right, title and interest" of the grantor has been held to estop the grantor from asserting an after-

acquired title as against the grantee therein. On the contrary, the opposite has been stated and held frequently. Wilson v. Wilson, Tex.Civ.App., 118 S.W.2d 403; Breen v. Morehead, Tex.Civ.App., 126 S.W. 650, affirmed by the Supreme Court, 104 Tex. 254, 136 S.W. 1047; Hanrick v. Patrick, 119 U.S. 156, 7 S.Ct. 147, 30 L.Ed. 396; 14 Tex.Jur.; page 905, Sec. 126.

Any discussion of the arguments advanced by appellants and the authorities cited in support thereof would lead inevitably to the conclusion that the holding in Clark v. Gauntt and the reasoning employed therein, as well as in the authorities cited above, are controlling in the case here presented. For that reason, we consider further discussion unnecessary and, accordingly, affirm the judgment of the trial court.

Affirmed.

### EXHIBIT A

The State of Texas |
County of Harris |

Know All Men By These Presents: That I, W. C. Corbett of the County of Harris, State of Texas, for and in consideration of the sum of Eight Thousand and Thirty Six 96/100 dollars to me in hand paid by T. J. Poole, Jr. of Bay City, Texas, and said amount being paid as follows, cash:

Three Thousand Dollars, the receipt of which is hereby acknowledged, the assumption of T. J. Poole, Jr., of a certain note and deed of trust on the land herein conveyed to Louis Wilson, Trustee, for use and benefit of J. J. Sweeny, for the sum of Thirty five hundred dollars, dated May 17, 1905, and due three years from date, said notes have a credit of $500.00 dated April 16/1907, said deed of trust being recorded in Book D.T. 13 page 107, Deed of Trust Records of Brazoria County, Texas. Said balance of said note having been extended by J. J. Sweeny twelve months from May 17/1908. Also the execution and delivery by T. J. Poole of his vendors Lien note of even date herewith for the sum of One Thousand Nine Hundred and Sixteen 58/100 Dollars, with interest payable semi-annually at 8% and said note being a lien on the land herein conveyed, have granted, sold and conveyed and by these presents do Grant, Sell and convey unto the said T. J. Poole, Jr., of the County of Matagorda, State of Texas, all my right, title and interest in and to the following described property, to-wit:

(description)

It is agreed that T. J. Poole Jr., shall pay J. J. Sweeney $120.38/100 being interest due on note herein assumed *up* date of this deed, said amount being deducted from purchase money hereof. The sum of $72.00 is likewise credited on Vendors lien note retained by W. C. Corbett, to reimburse party of second part for 9.5 acres R. R. right of way. It is fully agreed and understood that a Vendors lien is hereby retained by W. C. Corbett upon the land herein conveyed until same is fully paid for and that all of said payments are due and payable in Houston, and that failure to pay interest, principal or Taxes, shall mature said indebtedness at the option of the holder thereof.

To Have And To Hold, the above described premises together with all and singular, the rights and appurtenances thereto belonging unto the said T. J. Poole, Jr., heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to Warrant and forever defend all and singular the above title unto the said T. J. Poole, Jr., heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Witness my hand at Houston, this 9 day of November, A. D. 1907.

W. C. Corbett.

(acknowledgment)