**Opinion filed October 8, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00305-CV

_____

## ENERLEX, INC., Appellant

## V.

## AMERADA HESS, INC. AND LYNN ELSNER, Appellees

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 06-12-15319**

## O P I N I O N

This dispute involves competing claims to mineral interests. Enerlex, Inc. sued Amerada Hess, Inc. and Lynn Elsner claiming superior title to the disputed interests. The parties filed competing motions for summary judgment, and the trial court granted Amerada Hess's and Elsner's motions finding that Elsner owned the disputed interests. We affirm.

## I. *Background Facts*

In 1974, Frank Meier deeded to his wife, Helen Meier, mineral interests in seven Gaines County tracts.[1] These interests form the basis of this dispute, and the conveyance to Helen is the common source of title for the competing claims. Frank passed away in 1985. Helen married Gerald Losey in 1988. Elsner claims that in 1991 Helen conveyed the Gaines County interests to her with five unrecorded gift deeds. Enerlex contends that Helen bequeathed the interests to Gerald when she died in 1995. Helen's will was probated in Florida in 1996, and copies of her probate documents were recorded in Gaines County that year. Also in 1996, Gerald married Grace W. Losey. In 1999, Elsner filed an affidavit of heirship in Gaines County. That affidavit contended that Helen's will and its probate were invalid and that Elsner was Helen's only surviving heir. In 2003, Gerald died and left his estate to Grace. In 2005, Grace executed a mineral deed conveying to Enerlex all of her mineral interests in seventy-one sections in Gaines County. Enerlex recorded its deed in 2005, and Elsner filed her gift deeds in 2006.

## II. *Issues*

Enerlex challenges the trial court's judgment with two issues, contending that it had superior title as a matter of law or, alternatively, that there were questions of fact concerning its status as a bona fide, good-faith purchaser.

---

[1]Those interests were:

> 1. An undivided 1/16th interest in the NE/4 of Section 186, in Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.
> 2. An undivided 3/320ths interest in the N/2, and the N/2 of the SE/4 of Section 160, in Block G of the W. T. Ry. Co. Survey, in Gaines County, Texas.
> 3. An undivided 3/8th interest in the SE/4 of Section 198, in Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.
> 4. An undivided 1/32nd interest in Section 200, Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.
> 5. An undivided 1/16th interest in Section 215, Block G, of the W. Ry. T. Co. Survey, in Gaines County, Texas.
> 6. An undivided 3/128th interest in the W/2 of Section 230, Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.
> 7. An undivided 1/64th interest in the W/2 of Section 190, in Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas, SAVE AND EXCEPT 4 acres, more or less, described in that certain deed dated January 20th, 1908, executed by W. B. Austin to Gaines County, Texas, and recorded in Vol. 3, Page 378, Deed Records of Gaines County, Texas.

III. *Standard of Review*

The parties filed no-evidence and traditional motions for summary judgment. The trial court ruled on the traditional motions.[2] We will, therefore, apply the standard of review for traditional summary judgment motions. Questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

IV. *Discussion*

Enerlex contends that because it filed the mineral deed before Elsner filed her gift deeds and because it was a bona fide, good-faith purchaser for value, its title is superior to hers. Elsner responds that Enerlex cannot be a bona fide purchaser because the mineral deed is a quitclaim deed and because it had prior notice of her claim. Enerlex acknowledges that it cannot be a bona fide purchaser if the mineral deed is a quitclaim deed but contends that, when the mineral deed is viewed in its entirety, it is not a quitclaim deed because it conveyed property and not just Grace's interest in property.

A. *Is Enerlex's Mineral Deed a Quitclaim Deed?*

A warranty deed to land conveys property. A quitclaim deed conveys the grantor's right in that property, if any. *Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 486 n.12 (Tex. 2005) (a quitclaim deed conveys a grantor's complete interest or claim in certain real property without warranting or professing that the title is valid). In deciding whether an instrument is a quitclaim deed, courts look to the parties' intent as it appears from the language of the instrument itself. *Winningham v. Dyo*, 48 S.W.2d 600, 603 (Tex. Comm'n App. 1932, judgm't adopted).

---

[2]The trial court also granted Amerada Hess's no-evidence motion. Enerlex is not complaining of that ruling; therefore, it is unnecessary to address Amerada Hess's motion in this opinion.

Enerlex's deed is labeled "MINERAL DEED." Grace conveyed to Enerlex:

> [A]ll right, title and interest in and to all of the Oil, Gas, and any other classification of valuable substance, including any mineral leasehold and royalty interests, including any future or reversionary interest, in and under and that may be produced from the following described lands situated in **Gaines** County, State of **Texas**, to wit: **WTTR Survey, Block G, Sections 160-230 inclusive**.

In a subsequent paragraph, the deed provided: "It is the intent of Grantor to convey all interest in the said county whether or not the sections or surveys are specifically described herein." The deed also provided:

> Grantor does hereby warrant said title to Grantee it's [sic] heirs successors, personal representatives, administrators, executors, and assigns forever and does hereby agree to defend all and singular the said property unto the said Grantee herein it's [sic] heirs, successors, personal representatives, administrators, executors, and assigns against every person whomsoever claiming or to claim the same or any part thereof.

Helen's and Gerald's last wills and the orders probating those wills were attached as exhibits.

Enerlex argues that the deed is not a quitclaim deed because it was not restricted to any interest that Grace may have had and, therefore, the deed conveyed an interest in property. Enerlex notes that Grace conveyed "*all* right, title and interest" in the seventy-one sections rather than "*my* right, title, and interest" or "all right, title, and interest *that I may own*." Enerlex is correct that the deed does not contain this type of qualifying language, but it reads too much into this distinction. It is more significant that at no point in the deed did Grace warrant or represent that she actually owned any mineral interest. Unlike the 1974 deed to Helen, neither the mineral deed nor any of its attachments quantified her interest. *Cf. Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 769 (Tex. 1994) (a quitclaim deed is a deed of conveyance intending to pass the grantor's title, interest, or claim, but not professing that such title is valid, nor containing any warranty or covenants for title); *see also Geodyne Energy*, 161 S.W.3d at 486-87 (assignment and bill of sale were considered a quitclaim deed because, in part, they did not state the nature or percentage interest that was being conveyed).

We recognize that the deed contains a general warranty and that it is absent any "as is" or "without warranty" language, but because the deed contains no specific representation concerning Grace's title, that language does not preclude it from being considered a quitclaim deed. *Cf. Clark v.*

4

*Gauntt*, 161 S.W.2d 270, 272 (Tex. 1942) (the covenant of general warranty extends only to what is granted or purported to be granted). The Fifth Circuit has noted that "what is important and controlling is not whether grantor actually owned the title to the land it conveyed, but whether, in the deed, it asserted that it did, and undertook to convey it." *Am. Republics Corp. v. Houston Oil Co. of Texas*, 173 F.2d 728, 734 (5th Cir. 1949). Grace made no such assertion.

The mineral deed, when viewed in its entirety, is a quitclaim deed. It does not purport to convey any specific interest but instead broadly conveys all of Grace's interest – not just in the seventy-one sections but in all of Gaines County. Grace's intent to convey her interest rather than property is highlighted by comparing the 1974 deed to Helen, which conveyed specific fractional interests in portions of five sections and fractional interests in two others, with the mineral deed and its global grant. Because the mineral deed is a quitclaim deed, Enerlex cannot be a bona fide purchaser, and the trial court did not err by granting Elsner's motion for summary judgment. Enerlex's issues are overruled. This holding makes it unnecessary to address Amerada Hess's issues.

V. *Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


October 8, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.