Opinion filed October 8, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 8,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00305-CV 

                                           __________

 

                                         ENERLEX, INC., Appellant

 

                                                             V.

 

                  AMERADA
HESS, INC. AND LYNN ELSNER, Appellees

 



 

                                         On
Appeal from the 106th District Court

 

                                             Gaines
County, Texas

 

                                  Trial
Court Cause No. 06-12-15319

 



 

                                                                   O
P I N I O N

 

This
dispute involves competing claims to mineral interests.  Enerlex, Inc. sued
Amerada Hess, Inc. and Lynn Elsner claiming superior title to the disputed
interests.  The parties filed competing motions for summary judgment, and the
trial court granted Amerada Hess=s
and Elsner=s motions
finding that Elsner owned the disputed interests.  We affirm.








                                                             I. 
Background Facts

In
1974, Frank Meier deeded to his wife, Helen Meier, mineral interests in seven
Gaines County tracts.[1]  These
interests form the basis of this dispute, and the conveyance to Helen is the
common source of title for the competing claims.  Frank passed away in 1985. 
Helen married Gerald Losey in 1988.  Elsner claims that in 1991 Helen conveyed
the Gaines County interests to her with five unrecorded gift deeds.  Enerlex
contends that Helen bequeathed the interests to Gerald when she died in 1995. 
Helen=s will was
probated in Florida in 1996, and copies of her probate documents were recorded
in Gaines County that year.  Also in 1996, Gerald married Grace W. Losey.  In
1999, Elsner filed an affidavit of heirship in Gaines County.  That affidavit
contended that Helen=s
will and its probate were invalid and that Elsner was Helen=s only surviving heir.  In
2003, Gerald died and left his estate to Grace.  In 2005, Grace executed a mineral
deed conveying to Enerlex all of her mineral interests in seventy-one sections
in Gaines County.  Enerlex recorded its deed in 2005, and Elsner filed her gift
deeds in 2006.

                                                                       II. 
Issues

Enerlex
challenges the trial court=s
judgment with two issues, contending that it had superior title as a matter of
law or, alternatively, that there were questions of fact concerning its status
as a bona fide, good-faith purchaser.








                                                           III. 
Standard of Review

The
parties filed no-evidence and traditional motions for summary judgment.  The
trial court ruled on the traditional motions.[2] 
We will, therefore, apply the standard of review for traditional summary
judgment motions.  Questions of law are reviewed de novo. St. Paul Ins. Co.
v. Tex. Dep=t
of Transp., 999 S.W.2d 881, 884 (Tex. App.CAustin
1999, pet. denied).  To determine if a fact question exists, we must consider
whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all the evidence presented. Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all
the evidence in the light most favorable to the nonmovant, indulging all
reasonable inferences in favor of the nonmovant, and determine whether the
movant proved that there were no genuine issues of material fact and that it
was entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548‑49 (Tex. 1985).

                                                                   IV.
Discussion

Enerlex
contends that because it filed the mineral deed before Elsner filed her gift
deeds and because it was a bona fide, good-faith purchaser for value, its title
is superior to hers.  Elsner responds that Enerlex cannot be a bona fide
purchaser because the mineral deed is a quitclaim deed and because it had prior
notice of her claim.  Enerlex acknowledges that it cannot be a bona fide
purchaser if the mineral deed is a quitclaim deed but contends that, when the
mineral deed is viewed in its entirety, it is not a quitclaim deed because it
conveyed property and not just Grace=s
interest in property.

A. 
Is Enerlex=s
Mineral Deed a Quitclaim Deed?  

A
warranty deed to land conveys property.  A quitclaim deed conveys the grantor=s right in that property,
if any.  Geodyne Energy Income Prod. P=ship
I-E v. Newton Corp., 161 S.W.3d 482, 486 n.12 (Tex. 2005) (a quitclaim deed
conveys a grantor=s
complete interest or claim in certain real property without warranting or
professing that the title is valid).  In deciding whether an instrument is a
quitclaim deed, courts look to the parties=
intent as it appears from the language of the instrument itself.  Winningham
v. Dyo, 48 S.W.2d 600, 603 (Tex. Comm=n
App. 1932, judgm=t
adopted).  

 








Enerlex=s deed is labeled AMINERAL DEED.@  Grace conveyed to
Enerlex:

[A]ll right, title
and interest in and to all of the Oil, Gas, and any other classification of
valuable substance, including any mineral leasehold and royalty interests,
including any future or reversionary interest, in and under and that may be
produced from the following described lands situated in Gaines County,
State of Texas, to wit:  WTTR Survey, Block G, Sections 160-230
inclusive.

 

In a subsequent
paragraph, the deed provided:  AIt
is the intent of Grantor to convey all interest in the said county whether or
not the sections or surveys are specifically described herein.@  The deed also provided:

Grantor does hereby
warrant said title to Grantee it=s
[sic] heirs successors, personal representatives, administrators, executors,
and assigns forever and does hereby agree to defend all and singular the said
property unto the said Grantee herein it=s
[sic] heirs, successors, personal representatives, administrators, executors,
and assigns against every person whomsoever claiming or to claim the same or
any part thereof.

 

Helen=s and Gerald=s last wills and the orders
probating those wills were attached as exhibits.

Enerlex
argues that the deed is not a quitclaim deed because it was not restricted to
any interest that Grace may have had and, therefore, the deed conveyed an
interest in property.  Enerlex notes that Grace conveyed Aall right, title and
interest@ in the
seventy-one sections rather than Amy
right, title, and interest@
or Aall right, title,
and interest that I may own.@ 
Enerlex is correct that the deed does not contain this type of qualifying
language, but it reads too much into this distinction.  It is more significant
that at no point in the deed did Grace warrant or represent that she actually
owned any mineral interest.  Unlike the 1974 deed to Helen, neither the mineral
deed nor any of its attachments quantified her interest.  Cf. Rogers v.
Ricane Enters., Inc., 884 S.W.2d 763, 769 (Tex. 1994) (a quitclaim deed is
a deed of conveyance intending to pass the grantor=s title, interest, or claim, but not
professing that such title is valid, nor containing any warranty or covenants
for title); see also Geodyne Energy, 161 S.W.3d at 486-87 (assignment
and bill of sale were considered a quitclaim deed because, in part, they did
not state the nature or percentage interest that was being conveyed).








We
recognize that the deed contains a general warranty and that it is absent any Aas is@ or Awithout warranty@
language, but because the deed contains no specific representation concerning
Grace=s title, that
language does not preclude it from being considered a quitclaim deed.  Cf.
Clark v.  Gauntt, 161 S.W.2d 270, 272 (Tex. 1942) (the covenant of
general warranty extends only to what is granted or purported to be granted). 
The Fifth Circuit has noted that Awhat
is important and controlling is not whether grantor actually owned the title to
the land it conveyed, but whether, in the deed, it asserted that it did, and
undertook to convey it.@ 
Am. Republics Corp. v. Houston Oil Co. of Texas, 173 F.2d 728, 734 (5th
Cir. 1949).  Grace made no such assertion.

The
mineral deed, when viewed in its entirety, is a quitclaim deed.  It does not
purport to convey any specific interest but instead broadly conveys all of
Grace=s interest B not just in the
seventy-one sections but in all of Gaines County. Grace=s intent to convey her interest rather than
property is highlighted by comparing the 1974 deed to Helen, which conveyed
specific fractional interests in portions of five sections and fractional
interests in two others, with the mineral deed and its global grant.  Because
the mineral deed is a quitclaim deed, Enerlex cannot be a bona fide purchaser,
and the trial court did not err by granting Elsner=s motion for summary judgment.  Enerlex=s issues are overruled. 
This holding makes it unnecessary to address Amerada Hess=s issues.

                                                                     V.
Holding 

 
The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

October 8, 2009

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.









     [1]Those interests
were:

 

1.  An undivided 1/16th interest in the NE/4 of Section
186, in Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.

2.  An undivided 3/320ths interest in the N/2, and the
N/2 of the SE/4 of Section 160, in Block G of the W. T. Ry. Co. Survey, in
Gaines County, Texas.

3.  An undivided 3/8th interest in the SE/4 of Section
198, in Block G, of the W. T. Ry. Co.  Survey, in Gaines County, Texas.

4.  An undivided 1/32nd interest in Section 200, Block
G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.

5.  An undivided 1/16th interest in Section 215, Block
G, of the W. Ry. T. Co. Survey, in Gaines County, Texas.

6.  An undivided 3/128th interest in the W/2 of Section
230, Block G, of the W. T. Ry. Co. Survey, in Gaines County, Texas.

7. An undivided 1/64th interest in the W/2 of Section 190, in Block G,
of the W. T. Ry. Co. Survey, in Gaines County, Texas, SAVE AND EXCEPT 4 acres,
more or less, described in that certain deed dated January 20th, 1908, executed
by W. B. Austin to Gaines County, Texas, and recorded in Vol. 3, Page 378, Deed
Records of Gaines County, Texas.  





     [2]The trial court
also granted Amerada Hess=s no-evidence motion.  Enerlex is not complaining of
that ruling; therefore, it is unnecessary to address Amerada Hess=s motion in this opinion.