## M. D. BLUE AND OTHERS V. DAVID CHANDLER.

Where the defendant in trespass to try title disclaims title to the land and pleads not guilty, and the plaintiff has verdict and judgment in his favor without damages, it would seem the plaintiff is entitled to recover costs.

Where the defendant in trespass to try title disclaimed title to the land and pleaded not guilty, and, on exception, the disclaimer was overruled; after which there was a trial and verdict for the plaintiff without damages, on which judgment was entered in his favor for the land and costs, and the overruling of the exception to the disclaimer was not assigned for error, but only the judgment for costs; the judgment was affirmed.

Appeal from Henderson. Tried below before the Hon. John H. Reagan.

The verdict of the jury was, " We, the jury, find for the plaintiff, without damages."

*J. E. Craven*, for appellant.

*R. A. Reeves*, for appellee.

HEMPHILL, CH. J. This was an action by Chandler against the appellants, (who were defendants below,) of trespass to try title and for damages. The defendants in their answer filed 6th April, 1854, disclaimed all right to the land described in plaintiff's petition; that they had never claimed any right or interest in the same; that they had not had possession of said land, and that the land described in the petition lies at least one mile west of the landed possessions of the defendants.

On the same day, the defendants filed an additional answer, in which they pleaded not guilty; and one of the defendants (Blue) averred that he had settled on vacant land, and was entitled by way of pre-emption to 320 acres; that there was a dispute about the boundaries of his claim, and prayed for a

survey of the land claimed by plaintiff, that it may be ascertained whether there was any conflict between the boundaries of the lands claimed by plaintiff and those claimed by defendant.

The plaintiff excepted to the plea of disclaimer, on the ground of uncertainty, irrelevancy and inconsistency in its statements ; and should the exceptions be overruled, the plaintiff prayed to amend, averring that the land claimed in the petition includes the land entered upon by defendants, as charged in the original petition.

The exceptions of the plaintiff to the defendants' disclaimer were sustained. The jury found for the plaintiff, but without damages ; and it was adjudged that the plaintiff recover the land, as well as his costs, from the defendants.

The defendants assign error in the judgment against them for the costs.

In support of the assignment they insist that having disclaimed, the title of the plaintiff was not at issue ; that the only matter of litigation was as to the trespass ; and as the jury found no damages for the plaintiff, the defendants were entitled to costs.

The defendants might have claimed costs had they filed simply a plea of disclaimer, but in addition to this they filed a plea of not guilty, which, in law, put in issue both the title and the trespass. As to one of the defendants, there was a plea of dispute as to boundaries ; and judging from the charges given and refused, the question of the boundaries, or the identity of plaintiff's land, was severely contested. Under the state of the pleadings, the plaintiff, on recovery of the land, was entitled to costs.

But further, there was an exception to the plea of disclaimer, which was sustained. It was therefore no longer a pleading in the cause. There was, in effect, no disclaimer by defendants, and they cannot claim exemption from costs by force of a plea which was demurred out and was no longer a plea.

There is no assignment alleging error in sustaining the exceptions. The only assignment is as to the costs ; and certainly, where there was no disclaimer, the costs, as a necessary incident, followed the judgment. Had there been no exceptions to the plea, or had the exception been overruled, it is believed that, under the pleadings, as a whole, the plaintiff would have been entitled to his costs.

Judgment affirmed.