Coe *v.* Persons Unknown.

---

### EBENEZER S. COE *versus* PERSONS UNKNOWN.

A conveyance of all the right, title and interest which the grantor has in and to the land described in his deed conveys *only* the right, title and interest which he actually has at the time of the conveyance.

Such a grant in a deed does not convey the land itself or any particular estate in it, but the grantor's right, title and interest in it alone.

The covenants in a deed are qualified and limited by the grant and cannot enlarge it.

PETITION FOR PARTITION.

REPORTED by MAY, J.

The petitioner in this case claims to have four thousand acres in township number one, in the third range, west of Moosehead Lake, in this county, set off to him in sever-

Coe *v.* Persons Unknown.

alty; alleging ownership in common and undivided with persons unknown.

After the usual order of notice and a compliance with the same, Robert Bradley appeared in defence.

The petitioner introduced a copy of a deed Commonwealth of Massachusetts to the proprietors of the Middlesex Canal. The proprietors of Middlesex Canal to Samuel A. Bradley. Samuel A. Bradley to George Evans; and the original deed of George Evans to himself.

The defendant introduced a mortgage deed Samuel A. Bradley to Robert and Richard Bradley, and the notes therein described.

An attested copy of a foreclosure of the mortgage.

Deed Samuel A. Bradley to Mary Ann Bradley and others.

And copy of a mortgage deed Samuel A. Bradley to James Rundlet, and notes therein described; and an assignment of the mortgage last named and notes therein described to Robert Bradley, dated June 29, 1844.

For the purposes of this trial it is admitted that the public lots in said township have been duly set out.

Also, that Mary Ann Bradley was the daughter of Robert Bradley, and died intestate, without issue, in July, 1841; and that Samuel A. Bradley died prior to December, 1852.

*John S. Abbott,* counsel for petitioner.

The court will have occasion to consider this legal proposition, viz: When one conveys a part of a township distinctly, and by warranty deed, and afterwards quitclaims " all the right, title and interest which he then had to the township," if the last deed should be first recorded, which party has the better title to what is included in the first deed?

The court will be pleased not to overlook the fact, which is deemed very important, that the two deeds now under consideration were executed before the Revised Statutes of 1841 took effect—the deed to Mr. Evans being dated Octo-

ber 18, 1836, and the one to Robert and Richard Bradley May 19, 1841.

Nor will the court omit to note carefully the exact language in this last mortgage deed: " All the right, title and interest which I, the said Samuel A. Bradley, *have*."

Upon this point I would cite Brown v. Jackson, 3 Wheaton R., 449.

As this case is deemed analagous and conclusive, it will, of course, be carefully examined, unless distinctly in the mind of the court.

In the opinion of the court it is said, " The material question * * is whether * * the deed of Henry Lee to Henry Banks, which was executed *after* but recorded *before* the deed of Lee to Craig has a priority over the latter. * * A conveyance of the right, title and interest in land is certainly sufficient to pass the land itself, if the party conveying has an estate therein at the time of the conveyance ; but it passes no estate which was not *then* possessed by the party."

And so it was decided in effect that the first deed, though not recorded till after the second, would be operative. That is, in *this* case, that the quitclaim to Robert and Richard of all the right, title and interest which Samuel A. Bradley *then* had, could not pass that part of the land which he had previously conveyed to Mr. Evans, though the deed to Evans had not then been recorded.

The case of Brown v. Jackson was decided in Kentucky in 1818, and though the opinion of the court was delivered by Mr. Justice Todd, who was perhaps not so highly distinguished as some other members of the court, it was the opinion of the court, containing among other distinguished jurists, Chief Justice Marshall and Judge Story.

The registry laws in Kentucky at that time were quite similar to ours before the revised statutes went into effect, there being, it is believed, no substantial difference, and the language in the quitclaim similar to the one now before the court.

If the court should feel constrained to decide this case against the petitioner, it is believed it will give the *first* decision against the law in Brown v. Jackson.

It is not conceded that any court has yet given any intimation against that case, or even raised a *quære* as to its soundness. But, on the other hand, it has been cited with approbation.

In Blanchard v. Brooks, 12 Pick. R., 67, the case of Brown v. Jackson is cited with approbation, though the volume of Wheaton is inaccurately printed nine instead of three. And I would invite the attention of the court to pages 66 and 67 of the same case. (Blanchard v. Brooks, 12 Pick. R.) See Comstock v. Smith, 13 Pick. R., 119 ; Wright and al. v. Shaw, 5 Cush. R., 64 ; Oliver v. Pratt, 3 How. U. S., 337 ; Blethen v. Dwinal, 35 Maine R., 559 ; Merrill v. Ireland, 40 Maine R., 569.

The cases above cited present a perfect answer to any argument which may be founded upon the covenants of warranty in said mortgage deed.

Strong confidence is felt in the positions taken for the petitioner ; but if they should be found to be erroneous, it will be borne in mind that unless the petitioner is entitled to judgment—judgment for " partition as prayed for,"—the case is to stand for trial.

*Coburn & Wyman,* counsel for the defendants.

HATHAWAY, J.   The petitioner represents that he is tenant in common with other persons unknown to him, of township number one, in the third range, west of Moosehead Lake, in the county of Somerset, and that his part of the land in said township is four thousand acres, and he prays for partition.

Robert Bradley appears, claiming title, and defends.

Samuel A. Bradley owned the township, and by deed of October 18, 1836, recorded January 4, 1849, conveyed the land claimed by the petitioner to George Evans, who, by deed of November 24, 1850, recorded December 6, 1852, conveyed the same to the petitioner.

By mortgage deed of May 19, 1841, recorded June 12, 1844, Samuel A. Bradley conveyed to Robert and Richard Bradley all his right, title and interest in and to said township, subject to a mortgage of the same; before that time, made by him, to James Rundlet.

The mortgage to Rundlet conveyed eighteen thousand acres, in common and undivided, and was dated July 1, 1837, and recorded July 10, 1837, and was assigned to Robert Bradley, October 29, 1849. Samuel A. Bradley, also, by deed of July 25, 1839, which was recorded December 22, 1854, conveyed to Mary Ann Bradley and others all his right, title and interest in and to six thousand acres, in common and undivided, of the same township. Robert Bradley was sole heir at law of Mary Ann Bradley, who died in July, 1841.

The deed to George Evans, of October 18, 1836, was not recorded until after the execution and record of the mortgage to Robert and Richard Bradley, by which mortgage the mortgager conveyed all his right, title and interest in and to the township described therein, with covenants of general warranty. The conveyance to Mary Ann Bradley was of the " right, title and interest" of the grantor, but there were no covenants.

A conveyance of all the right, title and interest which the grantor has in and to the land described in his deed, conveys *only* the right, title and interest, which he actually has, at the time of the conveyance. It assumes to convey no more. The grant, in the deed, is of all his right, title and interest in the land, and not of the land itself, or any particular estate in the land. It passes no estate, which is not then possessed by the party.

When a grantee takes, by so indefinite description as the right, title and interest, which the grantor has, he must take the risk of the grantor's right, title and interest, and the covenants, in the deed, are qualified and limited by the grant; they cannot enlarge it. Blanchard v. Brooks, 12 Pick., 47; Brown v. Jackson, 3 Wheaton, 449; Adams v. Cuddy, 13

Pick., 460; Allen v. Holton, 20 Pick., 458; Sweet v. Brown, 12 Met., 175; Pike v. Galvin, 29 Maine R., 183; Partridge v. Patten, 33 Maine R., 483; opinion of TENNEY, C. J., in Merrill v. Ireland, 40 Maine R., 569; Oliver v. Pratt, 3 Howard, 332; Clarke v. Strickland, 2 Curtis, C. C. U. S. Rep., 439.

It has been decided, in this State, that an attachment of "all the debtor's right, title and interest in and to any real estate, in the county of Penobscot," is valid, and sufficient to hold, subject to the attachment, all his real estate, in that county, against the title of one claiming under a prior, unrecorded deed from the debtor. And reasons why the words, "all the right, title and interest," when used by an officer in his return of an attachment of real estate, should have a meaning and an effect different from, and more enlarged than that which they have when used by a grantor, in a deed of conveyance, are stated by the court, in Roberts v. Bourne, 23 Maine R., 165.

The deed to George Evans, whether registered or not, gave a good title against the grantor and his heirs. This, therefore, he had legally parted with, and it did not come within the general description of the estate conveyed to Robert and Richard Bradley.

And besides, upon another ground, the petitioner's title is maintained.

Samuel A. Bradley did not convey, or attempt to convey, to Robert and Richard Bradley any right, title or interest in and to the four thousand acres of land which he had previously conveyed to George Evans. The description, in the mortgage to them, of the estate conveyed thereby, excludes that land.

When he mortgaged to them, there appears to have been no conveyance from him, on record, of any portion of that township, except the mortgage, of eighteen thousand acres, to Rundlet.

The township contained twenty-two thousand and eighty acres, besides the reserved lots. He mortgaged to Robert

and Richard Bradley " all the right, title and interest which I, the said Samuel A. Bradley, have in and to the township, &c., subject to a mortgage of *the same,* heretofore made by me to James Rundlet." This language described and defined the right, title and interest which he had, and which he conveyed to them, as being in and to the same land which he had mortgaged to Rundlet. He therefore conveyed to them only his equity of redemption of the eighteen thousand acres mortgaged to Rundlet.

The petitioner is entitled to judgment for partition.

RICE, GOODENOW, and DAVIS, J. J., concurred in the result.