Read *v.* Fogg and Whittemore.

EVERETT E. READ and another *vs.* NATHAN L. FOGG.
EVERETT E. READ and another *vs.* CHARLES H. WHITTEMORE.

60  479
87  140
60  479
90  249
90  461
60  479
a94  433

*Life-estate.  Contingent remainder.  Estoppel.  Real action.*

A father, by deed of warranty, conveyed certain land to his daughter by name, 'for her use and benefit during her lifetime, and after her decease, to her legal heirs, to them and their heirs and assigns forever.' *Held,* That the daughter named took (by R. S., c. 73, § 6), a life-estate in the premises, the remainder in which was contingent until her death, when it vested in those who were then her heirs at law.

Where the contingent remainder man, prior to the decease of the tenant for life, conveyed the estate by deed of general warranty; *Held,* That the title which vested when the contingency ceased, enured to the benefit of such grantee, and the grantor was estopped by his deed.

Where the contingent remainder man, prior to the decease of the tenant for life, conveys his right, title, and interest to the estate, by deed of quit-claim, with the only covenant that he will 'warrant and defend the premises to the granter, his heirs and assigns against the lawful claims of all persons claiming by, through, or under' the grantor, the remainder vesting at the decease of the tenant for life, will not enure to the benefit of the grantor, nor will the grantor be estopped from maintaining a real action therefor.

A joint real action cannot be maintained when one of the plaintiffs is estopped by his deed to set up the title.

ON REPORT.

REAL ACTIONS brought by Everett E. Read and Margaret J. Randall.

The facts sufficiently appear in the opinion.

*W. W. Bolster*, for the plaintiffs.

*Record & Hutchinson*, for the defendant.

APPLETON, C J.   On March 20, 1845, John Randall conveyed by deed of warranty, to his daughter, Margaret Read, 'for her use and benefit during her lifetime, and after her decease, to her legal heirs, to them and their heirs and assigns forever,' certain real estate, of which the demanded premises constitute a portion.

Margaret Read, at the date of the deed from her father, had two children, Margaret J. Read and Alvah J. Read.

Margaret J. Read married Oliver E. Randall, and is one of the plaintiffs in this suit.

Alvah J. Read died on May 27, 1861, leaving one son, Everett E. Read, who is the other plaintiff.

On Feb. 11, 1861, Margaret Read, Margaret J. Randall, and Alvah J. Read, conveyed, by deed of warranty, the demanded premises to John Carvill, from whom the tenant derives title by various mesne conveyances.

By the terms of the deed, a life-estate is given to Margaret Read. ' After her decease ' the remainder goes ' to her legal heirs.' No one is the heir of the living. The heirs are those who shall be such at the decease of the person holding the life estate. They may be different individuals at different periods of time during the continuance of the intermediate estate, as they were in the case under consideration. The remainder, therefore, is contingent. The fee vests when the contingency ceases. Such has been the uniform decision in this State and in Massachusetts, in cases almost identical with the present one. *Hunt* v. *Hall*, 37 Maine, 366 ; *Richardson* v. *Wheatland*, 7 Met. 171 ; *Putnam* v. *Gleason*, 99 Mass. 454. It follows, therefore, that the title to half of the demanded premises vested in Everett E. Read, on the decease of his grandmother.

But one of these demandants, Margaret J. Randall, by deed of warranty, with general covenants, conveyed the demanded premises to John Carvill. Although at that time, she had no title, her mother being then alive, yet now having acquired one on her mother's decease, it enures to the benefit of her grantee. She is estopped by her deed.

As one of the demandants is estopped by her deed, the action is not maintainable by them jointly.          *Plaintiffs nonsuit.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.

APPLETON, C. J.   The parties in this case claim title derived under the deed from John Randall to Margaret Read, dated March 20, 1845, and referred in *Read* v. *Fogg.*

It was there held that Margaret Read took only a life-estate in the premises conveyed, and that by the terms of the deed the fee vested in the demandants, her heirs at law, at the time of her decease.

The tenants claim, under a deed of release dated March 1, 1858, from Alvah J. Read, the father of one of the demandants, and from Margaret J. Randall, the daughter of Margaret Read, and the other demandant, in which, for the consideration of one dollar, they released, remissed, bargained, sold, conveyed, and forever quit-claimed, to James Lowell, his heirs and assigns forever, all their (our) right, title, and interest in and to a certain piece or parcel of land, of which the demanded premises constitute a portion.

At the date of this deed, the tenant for life was living.   The grantees had only an expectant estate.   The fee had not then vested in them.   It might never so vest.   In fact it never did vest in Alvah J. Read, who died before his mother.

In their deed to Lowell, it is true they covenant with him that they will warrant and defend the premises to him, the said Lowell, his heirs and assigns against the lawful claims of all persons claiming by, through or under them.   In *Pike* v. *Galvin*, 29 Maine, 183, it was held that a deed of release, when the releasor or grantor has no right, passes nothing, and will not carry an after-acquired title, unless it contains covenants of warranty.   The covenant of non-claim asserts nothing respecting the past or the present.   It relates only to the future.   The same view of the law was held in *Harriman* v. *Gray*, 49 Maine, 537.   The deed of Margaret J. Randall creates no estoppel to prevent her maintaining this suit as one of the demandants.                    *Judgment for plaintiffs.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.