**WILSON v. WILSON et al.**
**No. 3312.**

Court of Civil Appeals of Texas. Beaumont.

May 31, 1938.

Sanders & McLeroy, of Center, for appellant.

Davis, Avery & Wallace, of Center, for appellees.

O'QUINN, Justice.

This is an action, by petition and answer, in trespass to try title by appellees, Robert Wilson, Joe Wilson, non compos mentis, and Mrs. Nellie Newsome, against Mrs. Zetella Stephenson, a feme sole, and appellant, Perkins Wilson, to recover the title and possession of three tracts of land situated in Shelby County on Attoyac River; tract No. 1 containing 100 acres of land; tract No. 2, 118.5 acres of land; and tract No. 3, 95.5 acres of land. On trial to the court without a jury, judgment was rendered in favor of appellant, Perkins Wilson, for an undivided 2/10ths interest in tract No. 3; in favor of Joe Wilson fixing a trust on the land for his benefit, acquiesced in by all parties; and in favor of the other parties to the suit for the remaining interest in the land. From the judgment, appellant, Perkins Wilson, has duly prosecuted his appeal to this court.

Robert, Joe, and Perkins Wilson, and their sisters, Mrs. Newsome and Mrs. Stephenson, are the only surviving heirs of their deceased parents, Henry J. Wilson and Media Wilson, who were married on the 18th of December, 1879. Mrs. Media Wilson died in May, 1912, and Henry J. Wilson died January 1, 1936, bequeathing all his estate to Robert Wilson and his two sisters, subject to a trust in favor of Joe Wilson; he bequeathed his son, Perkins Wilson, the appellant, the sum of $1.

404

It was established that tract No. 3 was the community property of H. J. and Media Wilson; on this conclusion, as an heir of his mother, appellant owned an undivided one-tenth interest in tract No. 3, and the other parties to this suit inherited the balance of their mother's interest in this tract; Robert, Joe, Mrs. Newsome and Mrs. Stephenson, were vested with their father's interest in this tract under his will. There is no controversy on this issue.

By deed dated April 30, 1885, the father of Henry J. Wilson conveyed him tract No. 2, containing 118.5 acres of land; by the terms of this conveyance it was made the separate property of H. J. Wilson. On this statement, appellant inherited no interest in this tract of land as an heir of his mother, and was denied any interest in it by the will of his father.

▪ Prior to his marriage, by deed dated November 5, 1877, Henry J. Wilson acquired title to tract No. 1, containing 100 acres of land, from J. W. Darnell and J. W. and E. A. Hinton; this title, of course, was the separate property of Henry J. Wilson and by his will vested in appellees and Mrs. Stephenson. The following point is made in relation to the absolute title to this land: By warranty deed dated March 12, 1894, on the recited consideration of $100, A. J. Simpson and certain other parties conveyed the 100 acres of land to Henry J. Wilson. On this statement appellant contends that the 100 acres was the community property of Henry J. and Media Wilson. This contention is denied. Whatever title Henry J. Wilson acquired to this land by the deed from Simpson and others was community property. But appellant made no showing that any title whatever passed to Henry J. Wilson by, through and under the deed from Simpson and others; it was not shown that the grantors in that deed owned any interest in the 100 acres of land, or that the estate of Henry J. Wilson gained any profit or advantage through this deed.

▪ The presumption is that the $100 paid by Henry J. Wilson for tract No. 1 was community funds. If it be conceded, with no proof to support the concession, that in proportion to the gross value of this land, the community estate owned an interest of $100, there was no pleading upon which the land could be partitioned, awarding the estate of Media Wilson its proportional interest, nor was there any proof on that issue. That issue should have been plead by appellant, and supported by his proof. Lee v.

Kirby, Tex.Civ.App., 277 S.W. 225; Furlow v. Kirby Lumber Co., Tex.Civ.App., 53 S.W. 2d 642; Manning v. Standard Oil Co. of Kansas, Tex.Civ.App., 67 S.W.2d 919; Marion County v. Sparks, Tex.Civ.App., 112 S.W.2d 798.

The last point in the case arises on the following facts: In January, 1907, Robert Wilson, joined by his wife, executed the following deed to A. C. Irwin and John D. Wilson:

"Know all men by these presents: That I, Robert Wilson, joined by my wife, Luna Wilson of the County of Nacogdoches, State of Texas, for and in consideration of the sum of Three Hundred Dollars, us paid, by A. C. Irwin and John D. Wilson, as follows: cash in hand, the receipt of which is hereby acknowledged, have granted, sold and conveyed and by these presents do grant, sell and convey unto the said A. C. Irwin and John D. Wilson, of the County of Nacogdoches, State of Texas,

"All that certain tract or parcels of land, situated in Shelby County, Texas, being our one-fifth and entire interest and to the estate of Media Wilson wife of Henry J. Wilson and mother of Robert Wilson, said estate consisting of a undivided one-half interest in and to the following tracts or parcels of land, being a part of the J. Cordova four leagues situated in Shelby County, Texas, (Here follows description of the three tracts of land in controversy).

"Also all interest we or either of us have in the personal property of the estate of Media Wilson composed of livestock, household effects, bank stock and all other personal property belonging to her at the time of her death.

"To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said A. C. Irwin, and John D. Wilson, their heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto the said A. C. Irwin, and John D. Wilson, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same or any part thereof.

"But it is expressly agreed and stipulated that the vendors lien is retained against the above described property, premises and improvements, until the above described note and all interest thereon, are fully paid ac-

cording to face and tenor, effect and reading, when this deed shall become absolute."

On the trial, appellant held and owned the A. C. Irwin-John D. Wilson title. Robert Wilson, testifying in his own behalf, stated that, when he executed this deed, he thought that the three tracts of land belonged to the community estate of his father and mother, and by this deed it was his intent to convey to A. C. Irwin and John D. Wilson the one-fifth of one-half interest in the land inherited by him through his deceased mother. But, as against this "intent" on his part, the estate of his mother owned no interest in tracts Nos. 1 and 2. By his judgment, the lower court awarded appellant the one-tenth interest in the 95.5 acres of land inherited by Robert through his mother; and, also as stated above, the one-tenth interest inherited by him through his mother.

On the theory of after acquired title, appellant contends that Robert's title, to the extent of the interest in tracts Nos. 1 and 2 conveyed by him to Irwin and Wilson by his warranty deed, was vested in him by estoppel—that is, an undivided one-tenth interest. This contention is denied. By the terms of the general warranty, the grantor does not warrant title to a greater interest than he sells and he warrants the title only to the particular interest conveyed by his deed. Lamb v. Wakefield, Fed.Cas.No. 8,024, 1 Sawy. 251; 12 Tex.Jur. 34; Bumpass v. Anderson, Tex.Civ.App., 51 S.W. 1103. As a general principle, the covenant of general warranty will not enlarge the granting clause. Cooper v. Robinson, 302 Ill. 181, 134 N.E. 119. And, where the land, as such, is not conveyed, but only a designated interest in the land, described as the "grantor's interest" or the interest acquired by the grantor through a source named in the deed, the grantor will not be estopped to assert a subsequently acquired title. Stoepler v. Silberberg, 220 Mo. 258, 119 S. W. 418; Hall v. Chaffee, 14 N.H. 215; Blanchard v. Brooks, 12 Pick., Mass., 47. As said in Newell v. Burnside Banking Co., Ky., 118 S.W. 267, 268: "The warranty only refers to the interest conveyed." In Hall v. Chaffee, 14 N.H. 215, the deed conveyed: "All our right, title and claim to all the land or real estate willed to us by" a certain person; the court held that the covenant of warranty applied only to the estate granted, and did not estop the grantor from asserting a subsequently acquired title. Where the deed does not convey the land, nor any certain interest therein, nor any interest which the grantor may thereafter acquire, the general warranty attaches itself only to the interest conveyed, and not to the land, and will not cause an after acquired title of the grantor to "feed the estoppel"—to inure to the benefit of the grantee. Kimball v. Semple, 25 Cal. 440; Lewis v. Shearer, 189 Ill. 184, 59 N.E. 580; Loomis v. Pingree, 43 Me. 299; Coe v. Persons Unknown, 43 Me. 432; Read v. Fogg, 60 Me. 479. These general principles and authorities cited are from the annotation to 58 A.L.R. 415. Applying these general principles to the facts of this case: Robert did not convey to Irwin and Wilson one-fifth of one-half of tracts Nos. 1 and 2, but only the interest inherited by him through his mother, which he described as one-fifth of one-half. His warranty covered only the interest inherited by him through his mother. His mother never owned any interest in these two tracts, and he never acquired any interest in them through her; so, as to the particular interest conveyed, there was no subsequently acquired title, and the title acquired by Robert through his father did not inure to the benefit of appellant. This is not a suit by appellant against Robert for damages for breach of warranty, but only in trespass to try title to recover a particular interest on the theory of estoppel, based on Robert's warranty to Irwin and Wilson. It is our conclusion that the facts of this case do not invoke in appellant's behalf the proposition of after acquired title.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.