Mary Gein BURNS et vir, et al.

v.

R. C. GOODRICH et al.

No. 66.

Court of Civil Appeals of Texas.

Tyler.

Sept. 24, 1964.

Rehearing Denied Oct. 8, 1964.

Richard E. McDaniel, Winnie, Fairchild & Hunt, Center, for appellants.

John H. Minton, Jr., Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellees.

DUNAGAN, Chief Justice.

Appellees, R. C. Goodrich, et al, brought this suit against Appellants, Mary Gein Burns, et vir, et al, claiming the Appellees owned a certain tract of land in Sabine County, Texas, and that the Appellants were trespassing thereon. The tract of land in question is approximately 83⅓ acres of land in the S. H. Morris Survey on the Sabine River in Sabine County, Texas. Appellees (Plaintiffs in the Trial Court) claim that the Appellants (Defendants in the Trial Court) were attempting to appropriate the use of the land in question. Appellee sought a judgment restraining and enjoining the Appellants, and each of them, permanently, from occupying any portion of said premises and from trespassing thereon at any time for any purpose in the future and for a mandatory injunction requiring the Defendants, and each of them, to vacate the premises, for damages in the amount of $2,000.00, and for costs of suit and for general relief. Appellants Ivy Lord, et ux, Eliza Lord, disclaimed any interest in the land, and prayed that no costs be adjudged against them, alleging that they had not been in possession of any of the property since long prior to the filing of this suit, but were former owners of the land. The Defendants, Mary Gein Burns (Maiden name Mary Jeine Lord) and husband, Joe Burns, filed both a General and Special Denial, denying that the Plaintiffs were the sole owners of the land in question and claiming that Mary Gein Burns owned as her separate property an interest in the land in question. They alleged that they were in possession of the land in controversy and denied that they were trespassers on the land, and then set up the title of the Defendant, Mary Gein Burns, as a defense to the case. They also alleged that the Plaintiffs were estopped to assert title as against these Defendants in contradiction of the warranty of title in a certain Deed from Ivy Lord, et ux, Eliza Lord, to Defendant, Mary Gein Burns, in which Deed Mary Gein Burns (daughter of Ivy Lord, et ux, Eliza Lord) was Grantee and was referred to as Mary Jeine Lord, said Deed being dated September 26, 1942, and duly recorded on the same date, and that said Deed was either in the chain of title of the Plaintiffs or connected therewith. Said Defendants pleaded not guilty and asked for appropriate relief. Appellants McDaniel, Hunt and Fairchild claim under Mary Gein Burns, et vir, Joe Burns, by virtue of a Deed dated October 15, 1962, which purported to convey to the said McDaniel, Hunt and Fairchild, one-third (⅓) of all the interest of Mary Gein Burns that she may have owned at the time of the conveyance describing a 200-acre tract of land of which the land in question was a part. Appellants McDaniel, Hunt and Fairchild filed both a General Denial and Special Denial denying that the Plaintiffs were the sole owners of the land in controversy. They alleged that Mary Gein Burns had owned an interest in the land as her separate property and that a portion of her interest had been conveyed to them as attorney's fees for representing Mary Gein

Burns, et vir, in this cause, and that the Appellant, Mary Gein Burns, is the same person as Mary Jeine Burns. They alleged that they were entitled to possession of the land as part owners of the land and that they were not trespassers. They pleaded estoppel to assert title against them. They further entered a plea of not guilty. The said three attorneys and Mary Gein Burns, et vir, Joe Burns, relied upon the doctrine of after-acquired title. The suit resolved itself actually into a land suit in which it was necessary for the Court to determine title, although the Plaintiffs' pleadings were not in the usual form of a trespass to try title, coupled with a suit for injunction. The case was tried before the Court without the assistance of a jury, and at the conclusion of the evidence on December 14, 1962, the Court took the case under advisement and did not render judgment until October 23, 1963. The judgment of the Court found that none of the Appellants (Defendants) owned an interest in the surface of the land involved and "Therefore, have no right to occupancy of any portion of the surface of said lands; and that the Appellees (Plaintiffs) are entitled to recover of the Appellants the relief therein prayed for." The judgment permanently restrained and enjoined the Appellants, and each of them, from occupying any portion of the land in controversy and from trespassing thereon at any time for any purpose in the future and requiring said Appellants, and each of them, to vacate said premises promptly. The Court ordered the issuance of such Writs as may be necessary in order to effectuate enforcement of all the terms of this judgment, and granted Appellees a Writ of Possession, and adjudged all costs against the Appellants. Appellants properly and timely excepted and duly perfected their appeal to this Court.

In response to Appellants request therefor, the Court prepared and filed its findings of fact and conclusions of law. A summation of the Court's findings, which we believe to be pertinent to a proper disposition of this case, are that:

Lee Lord and wife, Martha J. Lord, were the owners of the 200-acre tract of land of which the 83⅓ acres involved in this lawsuit was originally a part. Lee Lord died intestate on March 12, 1929, and his estate was administered and closed. Martha J. Lord also died intestate on May 1, 1938, and no administration was ever had on her estate. Lee Lord and his wife, Martha J. Lord, were married only one time, and that was to each other, and they were the parents of six (6) children, and the six children constituted all of the heirs, and the only heirs at law, of Lee Lord and wife, Martha J. Lord. The six children of Lee Lord and wife, Martha J. Lord, were:

(a)     Lula Lord Crowell
(b)     J. B. Lord
(c)     Stanton Lord
(d)     Ivy Lord
(e)     Bertha Lord Bragg
(f)     G. W. Lord

Upon the death of Lee Lord, Ivy Lord inherited and received as a portion of his father's estate a one-twelfth (1/12) interest comprising 16⅔ acres, and a like interest upon the death of his mother, making a total of 33⅓ acres inherited by Ivy Lord.

By Warranty Deed dated September 26, 1942, and duly filed for record on September 26, 1942, Ivy Lord and wife, Eliza Lord, conveyed to their daughter, Mary Gein Lord, 33⅓ acres undivided in and to 200 acres of said S. H. Morris Headright Survey in Sabine County, Texas. This Deed contained the following provision: "It being understood that the interest hereby conveyed in said 200 acres of land being the interest *inhearited* by the said Ivy Lord, from the estate of his deceased father and mother, Lee Lord and wife, Mrs. Lee Lord."

After the death of Lee Lord and before the death of Martha J. Lord, a judgment was rendered in favor of the First National Bank of St. Augustine against G. W. Lord and Martha J. Lord, who were Defendants in said suit, for the sum of $734.13, with interest at the rate of 10% per annum and $8.87 costs of suit. Said

judgment, which constituted a lien against the property of Martha J. Lord, was duly abstracted and recorded in the proper records of Sabine County.

On the 25th day of May, 1945, by judgment in the District Court of Sabine County, Texas, the judgment lien was duly and legally foreclosed and ordered the Clerk to issue an Order of Sale directing the Sheriff or any Constable of Sabine County, Texas, to seize and sell Martha J. Lord's undivided one-half (½) interest in and to 200 acres of the S. H. Morris Survey (followed with a full description of said land.)

By Sheriff's Deed of August 7, 1945, Martha J. Lord's one-half (½) undivided interest in the 200 acres was conveyed to D. B. Speights, said Deed being duly filed for record August 9, 1945.

On July 28, 1938, Stanton Lord conveyed to Hemphill Motor Company the 16⅔ acres inherited from his father's estate; on July 15, 1943, Hemphill Motor Company conveyed the property to J. L. Payne; on May 16, 1938, J. B. Lord and wife, conveyed to J. L. Payne the 16⅔ acres inherited by J. B. Lord from his father's estate, and on October 30, 1944, J. L. Payne conveyed to Ivy Lord the said 33⅓ acres of land.

The 16⅔ acres interest conveyed to Mary Gein Lord, a minor, by her father (Ivy Lord), out of his mother's estate, was lost in the foreclosure proceedings of the Abstract of Judgment Lien. This left Mary Gein Burns with only 16⅔ acres which was the portion conveyed to her by her father, Ivy Lord, that he had inherited from his father's portion of the estate.

By Guardianship Deed dated February 24, 1948, there was conveyed by Ivy Lord, Guardian for Mary Gein Lord, to G. K. Goodrich, an undivided interest of 16⅔ acres of the land in question in this suit.

The Court concluded as a matter of law:

1.

That the Appellants, Mary Gein Burns (formerly Mary Gein Lord), and husband, Joe Burns, and Ivy Lord and wife, Eliza Lord, have no interest in the surface in the lands involved in this suit, and therefore have no right of occupancy of any portion thereof.

2.

That the Appellants, Richard E. McDaniel, Billy Hunt and Robert Fairchild, acquired no title to any portion of the surface of said lands by Deeds from the Appellants, Mary Gein Burns and husband, Joe Burns.

3.

That the Abstract of Judgment against Martha J. Lord and G. W. Lord created a valid lien against the interest of Martha J. Lord, being 100 acres in the Lee Lord 200-acre tract.

4.

That a valid foreclosure was had against said property and all title of the said Mary Gein Burns in said 100 acres passed to D. B. Speights

5.

That the rule of after-acquired title does not apply to this cause of action.

6.

That the Appellees are entitled to a permanent injunction restraining and enjoining the Appellants, each of them, from occupying any portion of the lands in controversy in this suit and from trespassing thereon at any time in the future, and a Mandatory Injunction requiring the Defendants to vacate said premises immediately, and for the necessary Writs to enforce such relief and for Writ of Possession.

Appellants have brought forward 65 Points of Error. However, as we analyze these 65 points raised by the Appellants, same actually constitutes 5 primary objections to the holdings and findings of the Court. They are as follows:

1.

Did the Trial Court err in holding that the doctrine of after-acquired title or es-

toppel by Deed did not apply to the conveyance from Ivy Lord and wife, Eliza Lord, to their daughter, Mary Gein Lord, dated September 26, 1942.

**2.**

Did the Trial Court err in holding that the lost Deed from D. B. Speights to Ivy Lord dated August 7, 1945, was duly and properly proved by evidence showing its terms, execution and delivery.

**3.**

Did the Trial Court err in holding that Article 5529, V.C.S. (4 year Statute of Limitation) did not apply to the right of Appellees to prove and establish the lost Deed from D. B. Speights to Ivy Lord dated August 7, 1945.

**4.**

Did the Trial Court err in adjudicating costs of the original trial against Ivy Lord and wife, Eliza Lord.

**5.**

Did the Trial Court err in enjoining Appellants from the use of the surface of the lands in controversy in this case.

The Appellants say the basic dispute in this suit is as to what happened as a matter of law, when Mary Gein Lord lost one-half (½) of what her father had conveyed to her by Warranty Deed. Appellants contend that, under the doctrine of after-acquired title, Mary Gein Burns, at the time she lost 16⅔ acres (being a ¹⁄₁₂ interest) of the land previously conveyed to her by her father by reason of the foreclosure of the Judgment Lien, she immediately acquired another one-twelfth (¹⁄₁₂) interest in the land from her father, because at the time she lost the one-twelfth (¹⁄₁₂) interest (16⅔ acres) which her father had conveyed to her by Warranty Deed as a result of said foreclosure, he (her father) was the owner of another two-twelfths (²⁄₁₂) (33⅓ acres) which he had purchased

from J. L. Payne and which had originally been a part of his father's estate and that one-twelfth (¹⁄₁₂) interest (16⅔ acres) of the land received from J. L. Payne went to Mary Gein Lord (now Mary Gein Burns) under the doctrine of after-acquired title. If the doctrine of after-acquired title applies as Appellants contend, then in that event Mary Gein Burns would have been the owner of 33⅓ acres at the time of the conveyance to Goodrich of a 16⅔ acres interest which would leave her the owner of the remaining 16⅔ interest. The Appellants in their Brief say that this is the very heart of the case.

The Appellees by the way of their counter point 1 contends that "the trial court did not err in holding that the doctrine of after-acquired title or estoppel by Deed did not apply to the conveyance from Ivy Lord and wife, Eliza Lord, to their daughter, Mary Gein Lord, Dated September 26, 1942." We sustain this contention.

It is the contention of the Appellees that the Deed in controversy from Ivy Lord and wife, Eliza Lord, dated September 26, 1942, to Mary Gein Lord, their daughter, was a conveyance of the interest which Ivy Lord inherited from the estate of his deceased father and mother, Lee Lord and his wife, Martha J. Lord, that the Deed conveyed this interest only, nothing more and nothing less, that Ivy Lord and wife, Eliza Lord, at the time of executing the said Deed to Mary Gein Lord did, in fact, own the interest that Ivy Lord had inherited from the estate of his deceased father and mother, Lee Lord and wife, Martha J. Lord, and that they, in fact, delivered by such Deed to Mary Gein Lord the exact interest purported to be conveyed by the Deed. They purported to convey no other interest, and no interest which Ivy Lord later acquired from an entraneous inconsistent source should go to satisfy any loss suffered by Mary Gein Lord by virtue of foreclosure of a judgment which existed against the interest inherited by Ivy Lord from his mother, Mrs. Martha J. Lord. The inheritance by Ivy Lord from his mother was impressed at

the time of his inheritance with the lien of the judgment which was later foreclosed and a conveyance of the interest inherited necessarily carries with it the obligations which the interest bore at the time of its passage to him. In support of this contention, Appellee cites as its authority 19 Tex. Jur.2d, "Deeds", Sections 209 and 211. A case somewhat similar to the instant case is Wilson v. Wilson, 118 S.W.2d 403, (Tex. Civ.App.) 1938, no writ history, in which one Robert Wilson conveyed his ⅕ entire interest in and to the estate of Media Wilson, wife of Henry J. Wilson and mother of Robert Wilson, said estate consisting of an undivided ½ interest in and to three tracts of land therein described. As it later developed, Robert Wilson's mother, Media Wilson, owned only a community interest in the third of the three tracts. Robert Wilson, the Grantor in the above Deed subsequently inherited from his father by Will, an interest in the other two tracts, and the successor of the Grantees in the original Deed sought to assert estoppel by Deed or after-acquired title with respect to the Deed given them, attempting to impress on the interest acquired by Robert Wilson from his father through inheritance, the obligation of satisfying the warranty of the Deed which he had previously given. The Trial Judge held that the Grantees in the Deed from Robert Wilson only owned ⅒th interest in the third tract and no interest in the first two tracts. The Court of Civil Appeals in discussing this question said:

"On the theory of after acquired title, appellant contends that Robert's title, to the extent of the interest in tracts Nos. 1 and 2 conveyed by him to Irwin and Wilson by his warranty deed, was vested in him by estoppel— that is, an undivided one-tenth interest. This contention is denied. By the terms of the general warranty, the grantor does not warrant title to a greater interest than he sells and he warrants the title only to the particular interest conveyed by his deed. Lamb

v. Wakefield, Fed.Cas. No. 8,024, 1 Sawy. 251; 12 Tex.Jur. 34; Bumpass v. Anderson, Tex.Civ.App., 51 S.W. 1103. As a general principle, the covenant of general warranty will not enlarge the granting clause. Cooper v. Robinson, 302 Ill. 181, 134 N.E. 119. And, where the land, as such, is not conveyed, but only a designated interest in the land, described as the 'grantor's interest' or the interest acquired by the grantor through a source named in the deed, the grantor will not be estopped to assert a subsequently acquired title. Stoepler v. Silberberg, 220 Mo. 258, 119 S.W. 418; Hall v. Chaffee, 14 N.H. 215; Blanchard v. Brooks, 12 Pick., Mass., 47. As said in Newell v. Burnside Banking Co., Ky., 118 S.W. 267, 268: 'The warranty only refers to the interest conveyed.' In Hall v. Chaffee, 14 N.H. 215, the deed conveyed: 'All our right, title and claim to all the land or real estate willed to us by' a certain person; the court held that the covenant of warranty applied only to the estate granted, and did not estop the grantor from asserting a subsequently acquired title. Where the deed does not convey the land, nor any certain interest therein, nor any interest which the grantor may thereafter acquire, the general warranty attaches itself only to the interest conveyed, and not to the land, and will not cause an after acquired title of the grantor to 'feed the estoppel'—to inure to the benefit of the grantee. Kimball v. Semple, 25 Cal. 440; Lewis v. Shearer, 189 Ill. 184, 59 N.E. 580; Loomis v. Pingree, 43 Me. 299; Coe v. Persons Unknown, 43 Me. 432; Read v. Fogg, 60 Me. 479. These general principles and authorities cited are from the annotation to 58 A.L.R. 415. Applying these general principles to the facts of this case: Robert did not convey to Irwin and Wilson one-fifth of one-half of tracts Nos. 1 and 2, but only the interest inherited by him through his

mother, which he described as one-fifth of one-half. His warranty covered only the interest inherited by him through his mother. His mother never owned any interest in these two tracts, and he never acquired any interest in them through her; so, as to the particular interest conveyed, there was no subsequently acquired title, and the title acquired by Robert through his father did not inure to the benefit of appellant. This is not a suit by appellant against Robert for damages for breach of warranty, but only in trespass to try title to recover a particular interest on the theory of estoppel, based on Robert's warranty to Irwin and Wilson. It is our conclusion that the facts of this case do not invoke in appellant's behalf the proposition of after acquired title."

Applying the facts to the case at bar, Ivy Lord purported to convey only the interest which he had inherited from his mother and father. He purported to convey nothing more. Therefore, his acquisition of some other extraneous and inconsistent interest in the lands in question should not "feed the estoppel", if any exists. As we view the record before us, we do not think estoppel or after-acquired title is applicable for the reason that the warranty was fully satisfied and the Grantor conveyed exactly what he purported to convey since at the time the Deed was made he did in fact own, and did in fact convey the interest which he had inherited from his mother and father. He never purported to convey anything except those interests, and his subsequent acquisition would not be affected by the prior conveyance to Mary Gein Lord. Nor can it be successfully contended that the general warranty in the Deed extends the doctrine of after-acquired title. It has been held many times that an unrestricted warranty warrants only the interest purported to be conveyed. Clark v. Gauntt, 138 Tex. 558, 161 S.W.2d 270; Adams v. Duncan, 147 Tex. 332, 215 S.W.2d 599; Gibson v. Turner, 156 Tex. 289, 294 S.W.2d 781.

The case of Stoepler v. Silberberg, 220 Mo. 258, 119 S.W. 418, Supreme Court of Mo., involves a similar situation. In this Deed the Grantor purported to convey his right, title and interest in a certain lot, and after the description of the lot included a paragraph as follows: "This deed is to embrace all the interest in the aforesaid real estate that I inherited from my father, Bernard Stoepler, deceased, and devised to me in his last will and testament and also such interest that I inherited from my sisters, Mrs. Zurmuehlen, deceased, and Mary Stoepler, deceased, and also my brother, August Stoepler, deceased." The Supreme Court of Missouri held that this conveyance conveyed a special or definitely ascertained interest, and that acquisition by the Grantor of an interest in the tract by an inheritance from his mother was not subject to after-acquired title nor estoppel by Deed. The court states:

"* * * Had the deed purported to convey the lot in controversy, there could exist no doubt that the plaintiff would be estopped to claim the after-acquired title, if any, which the said Frederick obtained to said lot as heir of his mother, Louise Stoepler Silberberg; but while these covenants are expressed in the deed, the instrument must be read and construed in the light of all its parts, and, when this is done, it is obvious that it does not attempt or purport to convey and warrant the lot itself, but only 'all such right, title and interest' that Frederick Stoepler, at the date of the deed, had in and to said house and lot in block 177, and such interest therein as he had inherited from his father and devised to him by the will of his father and such as he had inherited from his sisters and brother, and, having restricted his covenants to the interest and title thus obtained, it would seem plain that the covenants cannot be extended to estop his heirs as to an after-acquired title which he might have inherited from his mother."

The above case was cited with approval in the case of Wilson v. Wilson, supra, and in the case of Clark v. Guantt, supra.

The Supreme Court of Texas in the case of Clark v. Guantt, supra, said:

"The after-acquired title rule is a part of the law of estoppel. One of the clearest statements of it is that made in American Jurisprudence as follows: 'It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lesser definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or the estate which the deed purports to convey, as against the grantee and those claiming under him.' 19 Amer.Jur., p. 614, sec. 16."

Another case in point on the issue of after-acquired title is Moody v. Butler, 63 Tex. 210, in which the Supreme Court held in 1885 that a quitclaim of their father's estate did not include any interest in their mother's estate which they later inherited. As stated by the Court: "Here the parties conveying had held ½ the lands as heirs of their mother and the other as heirs of their father, and a conveyance of the latter in distinct language could not be construed to include the former also." As further authorities on this point, we cite Breen v. Morehead, Tex.Civ.App., 1910, 126 S.W. 650, affirmed on other grounds, 104 Tex. 254, 136 S.W. 1047. Roberts v. Corbett, Tex.Civ.App., 1954, 265 S.W.2d 127, writ refused.

The Deed from Ivy Lord and wife, Eliza Lord, to Mary Gein Burns, when construed as a whole, clearly evidences the intention of Ivy Lord and wife to convey that interest inherited by him from his mother and father and warranted the conveyance of no other interest. The ultimate purpose in constructing a Deed is to ascertain the intention of the Grantor. In all contracts, including Deeds, the intent of the parties when it can be obtained from the instrument will prevail, unless counter-acted by some rule of law. It is said that the prime objection and purpose of rules of construction is to enable the Court to ascertain and give effect to the true intention of the parties. The authorities uniformly seek and give controlling effect to intention. Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442; Dallas Joint Stock Land Bank of Dallas v. Harrison, 138 Tex. 84, 156 S.W.2d 963.

In proving their chain of title, Appellees were forced to rely upon the Deed from Speights to Lord. The Deed had been lost.

The Appellants urge that the Trial Court erred in holding that the lost Deed from D. B. Speights to Ivy Lord dated August 7, 1945, was duly and properly proved by evidence showing its terms, execution and delivery, after it was shown that the same could not be found after diligent search in all reasonable and likely places because (1) that the proof of such lost Deed was barred by limitation, and (2) there is no evidence of probative force that Speights made such conveyance to Ivy Lord. We think there was evidence of probative force supporting the Trial Court's findings on this issue favorable to Appellees establishing a lost Deed.

A lost Deed may be duly established by circumstantial evidence of its (1) terms, (2) execution, (3) delivery, (4) consideration, after showing that proper but futile search has been made for the Deed in places where it would most likely be found. Smith v. Taylor, 197 S.W.2d 851, Tex.Civ.App., error refused, n. r. e.

The sufficiency of the proof offered as a predicate for the admission of an alleged lost Deed is also within the judicial discretion of the Trial Court under all of the circumstances of the particular case. McDonald v. Hanks, 52 Tex.Civ.App. 140, 113 S.W. 604, 1908, error refused; Massie v. Hutcheson, 296 S.W. 939, Tex.Civ.App., 1927, error refused, and Holley v. Mucher,

165 S.W.2d 1015, Tex.Civ.App., 1942, error refused. The evidence in this case reflects that the terms of a Deed which was lost was adequately proved in the instant case.

■ The statute of limitation pleaded by the Appellants (Article 5529, Vernon's Ann. Civ.St.) has no application to this case because: there is no proof in the record whatsoever of when the loss of the Deed was discovered by the parties claiming under the Deed. The statute provides that the cause of action shall be brought "within four years next after the right to bring the same shall have accrued." The cause of action which Appellants assert limitation against is the action to establish a lost Deed. There is no proof whatsoever in the record that the Plaintiffs in the case below ever at any time knew that the Deed was lost until this suit was brought. The Appellant is required to both plead the statute and prove the facts which gave it operation.

■ In accordance with the settled rules, it is not incumbent on a party to show that his claim is not barred by limitation. On the contrary, the burden is on him to plead the statute to show facts that make the plea valuable, in other words, he must prove every fact necessary to substantiate the plea. 37 Tex.Jur. 2, "Limitation of Acts," Sec. 204. Although Appellants, by trial amendment plead the statute of limitations, one of the facts which the Appellants were required to prove was the accrual of the cause of action for the establishment of a lost Deed in the Appellees. This the Appellants wholly failed to do. Nor can it be seriously contended that the Appellees are guilty of laches or stale demand for the reason that there is no showing as to when knowledge of the fact that the Deed was lost first came to the Appellees or any of them, and the record reflects that this appeal has taken place in less than 18 months time.

Appellants Ivy Lord and wife, Eliza Lord, contend that the Court erred in adjudging the cost or a portion thereof against them by reason of their disclaimer.

■ The first amended original answer of Ivy Lord and wife, Eliza Lord, which contained their disclaimer, does not constitute an absolute and unqualified disclaimer such as would ordinarily relieve them of the burden of cost.

In their first amended original answer, these two Appellants qualified their disclaimer by the following language found in paragraph 3 thereof: "These defendants show the Court that they are not trespassers on said land and have not trespassed on said land, since their daughter, the defendant, Mary Gein Burns, owns an interest in the land in controversy and at all times material to the suit she has owned an interest in the land in controversy, and these defendants have, at all times material to this suit, have had a right to visit said daughter and her husband, Joe Burns, on the land in controversy. These defendants show the court that they are not trespassers on said land, and have never trespassed on said land at any time material to this suit, and show the court that the plaintiffs have no cause of action against them."

By virtue of this plea, these Appellants, Ivy Lord and wife, Eliza Lord, have qualified their disclaimer and have, in fact, asserted a right to occupy and use the premises in controversy under the rights asserted by Mary Gein Burns and husband, Joe Burns. This is in effect, a partial or qualified disclaimer of such a nature as to put Plaintiff to proof of their title and right of possession.

■■ Where, in addition to a disclaimer, the Defendant puts in issue questions of title and trespass, or otherwise causes a contest, the Plaintiff may be entitled to costs on recovering. Blue v. Chandler, 17 Tex. 126, 127. The Plaintiff may also recover his costs by establishing that the Defendant trespassed on the land or asserted an adverse claim thereto, or was in possession of a part of the land disclaimed at the time when suit was instituted. 15 Tex.Jur. 2, pages 32, 33, notes 9 and 10, and cases cited therein. The Trial Court in its addi-

tional findings of fact and conclusions of law expressly found that Ivy Lord and wife, Eliza Lord, were on said premises in the same house with Mary Gein Burns and husband, Joe Burns, when this suit was filed. This finding of the Court makes the above cited authorities applicable to the situation here.

■ The Appellants may also be subject to costs where they filed their disclaimer after answering and thereby causing the Plaintiff to prepare for trial. Billingslea v. Greaves, (Tex.Civ.App.) 1946, 196 S.W.2d 945, no writ history. In addition to the finding by the Court that Ivy Lord and Eliza Lord were on the premises in the same house with Mary Gein Burns and husband, Joe Burns, when this suit was filed, the Court in its judgment permanently restrained and enjoined all the Appellants herein, including the Appellants, Ivy Lord and Eliza Lord, from occupying any portion of the premises in dispute and from trespassing thereon at any time for any purpose in the future and requiring said Defendants and each of them to vacate their premises promptly.

For additional authorities allowing judgment against certain Defendants for cost, notwithstanding their disclaimers, see King v. Haley, 75 Tex. 163, 12 S.W. 1112; Capt v. Stubbs, 68 Tex. 222, 4 S.W. 467; Bexar County v. Vogt, 91 Tex. 285, 43 S.W. 14, Sup.Ct.

■ Next, the Appellants complain of the judgment wherein it enjoins them from occupying any portion of the property involved in this suit and from trespassing thereon at any time for any purpose.

The record shows that these Appellants at the time of trial and rendition of this judgment were owners of minerals in and under said land. The Appellants argue that the injunction decreed by the Court would deprive the Appellants of the right to go upon the surface of the land for the purpose of developing their minerals.

To the extent that such judgment may be construed to prohibit the Appellants from the usual rights of ingress and egress for the purpose of mining and exploring and developing such minerals as they may own, the judgment in this respect is reformed to enjoin each of them from occupying any portion of the hereinafter described premises and from trespassing thereon at any time for any purpose in the future except for the purpose of mining and exploring and developing such minerals as they may own.

■ Appellants' Points of Error Nos. 15–39, 41 and 43, are not brief as required by Rule 418, Texas Rules of Civil Procedure, and therefore, they will be treated as waived and will not be considered. 4 Tex.Jur. 2, 167, appeal and error, Section 658; Hall v. Hall, (Tex.Civ.App.) 1962, 352 S.W.2d 765, no writ history; Stroud v. Jones, (Tex.Civ.App.) 1956, 295 S.W.2d 491, writ refused, n. r. e.; Lowe v. Valdez, (Tex.Civ.App.) 1964, 380 S.W.2d 200, no writ history.

The Appellants also contend that the Court in holding that Mary Gein Burns and husband, Joe Burns, and Richard E. McDaniel, Billy Hunt and Robert Fairchild own no interest in the land except a mineral estate is contrary to the great weight and preponderance of the evidence and is manifestly wrong and unjust. This has required the Court to consider and weigh all the evidence, which we have done. We have carefully examined the evidence adduced at the trial and we have concluded that there was sufficient evidence to support all the findings made by the Court in support of its own judgment, and such findings are not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

After reviewing all of the Points presented and briefed by Appellants, and finding no reversable error, the judgment of the Trial Court as reformed is affirmed.